**Christopher Harris**
Direct Dial: 212-906-1880
christopher.harris@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

August 21, 2023

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
500 Pearl Street
New York, NY 10007

Re:     *JPMorgan Chase Bank, N.A. v. Avara US Holdings, LLC*, Case No. 23 Civ. 7145

Dear Judge Koeltl:

Before the above-captioned case was assigned to Your Honor, Plaintiff JPMorgan Chase Bank, N.A. ("JPM") filed a motion for partial summary judgment (ECF No. 6) as to Defendant Avara US Holdings, LLC's ("Avara US") liability for breach of contract and for a declaration of JPM's rights under the parties' agreement (the "Motion"). This case was subsequently assigned to Your Honor, and in accordance with Rule II.B of the Court's Individual Practices, JPM writes to request the Court's guidance on whether the Court would like to hold a pre-motion conference or, in the alternative, prefers that the parties proceed with briefing the Motion in accordance with the current deadlines or on a schedule to be set by the Court.[1]  This case is a straight-forward breach of contract case on which pre-discovery partial summary judgment is warranted.

## I.     Factual Background

On May 25, 2018, Avara US and its affiliate (the "Borrowers") and JPM as Administrative Agent, issuing bank, and sole lender entered into a credit agreement, pursuant to which JPM agreed to loan up to $25 million.[2]  Avara US was both a Borrower and guarantor of the loaned amounts (the "Loans") and provided a security interest over all of its assets in connection therewith.  The original maturity date of the Loans was May 25, 2020, later extended to November 30, 2021 (the "Final Maturity Date").  On the Final Maturity Date, the Borrowers failed to repay the $21 million due and owing under the Loans.  In December 2021, JPM notified the Borrowers that an Event of Default had occurred, since their failure to repay all principal, interest, fees, expenses, and other amounts payable on the Final Maturity Date violated the Amended Credit Agreement.  Despite JPM's demands for repayment, no Borrower or guarantor has repaid any of the amounts due.

---

[1] Avara US's current deadline to respond to the Motion is August 30, 2023.  When JPM consented to an extension of Avara US's time to respond to the Complaint (*see* ECF No. 22), JPM also asked counsel for Avara US if they were seeking an extension of the Motion deadline, to which counsel did not respond.

[2] On June 9, 2020, the parties entered into an amended and restated credit agreement (the "Amended Credit Agreement") and certain other amended loan agreements (the "Amended Loan Documents").

LATHAM&WATKINS LLP

## II.  JPM's Motion for Partial Summary Judgment

Summary judgment is appropriate as to Avara US's liability for breach of contract because (1) JPM has established a *prima facie* case of breach and (2) Avara US has no defense.  Summary judgment is likewise appropriate as to JPM's claims for declaratory judgment, as it will settle legal relations and provide relief from controversy underlying the parties' dispute.

### A.     JPM Has Established a *Prima Facie* Case of Breach

Under New York law, in order to establish a *prima facie* case of default on a loan agreement, a plaintiff must provide proof of a valid agreement and a defendant's failure, despite proper demand, to make payment.  *Lau v. Mezei*, No. 10 Civ. 4838, 2012 WL 3553092, at *3 (S.D.N.Y. Aug. 16, 2012) (citing *Lehman Bros. Holdings Inc. v. Walji*, No. 09 Civ.1995, 2011 WL 1842838, at *3 (S.D.N.Y. May 11, 2011); *see also Bankers Trust Co. v. F.D. Rich Co., Inc.*, No. 90 Civ. 4827, 1991 WL 221091, at *2 (S.D.N.Y. Oct. 16, 1991) (summary judgment granted when defendant defaulted on a loan obligation payable on demand).

Where a plaintiff makes a showing that there is "no material question" concerning execution of the agreement and failure to repay, summary judgment is appropriate even at an early stage of litigation.  *Royal Bank of Canada v. Mahrle*, 818 F. Supp. 60, 62 (S.D.N.Y. 1993); *see ICBC (London) PLC v. Blacksands Pacific Grp., Inc.*, 662 F. App'x 19, 22 (2nd Cir. 2016) (affirming grant of pre-discovery summary judgment motion where defendant "absolutely and unconditionally" guaranteed the loan); *Lepore v. Hartford Fire Ins. Co.*, 374 F. Supp. 3d 334, 343 (S.D.N.Y. 2019) (on pre-discovery cross-motions for summary judgment, explaining that contract interpretation is a question of law appropriately resolved on a motion for summary judgment).

Here, there is no material question as to (i) the validity of the applicable loan documents, (ii) Avara US's duty to repay the Loans on the Final Maturity Date, (iii) Avara US's failure to repay the Loans on the Final Maturity Date or at any time thereafter.  Having established a *prima facie* right to recover under the Amended Credit Agreement, JPM is entitled to summary judgment of liability on its breach of contract claim.  *See Bank of Maryland v. Kule, et al*., No. 91 Civ. 6490, 1992 WL 147908, at *2 (S.D.N.Y. June 17, 1992) ("The holder of a promissory note establishes a prima facie right to recover by producing the document, when the authenticity of signatures to the contract is not disputed."); *see also Bank of America N.A. v. Tatham*, 305 A.D.2d 183, 183 (1st Dep't 2003) ("Plaintiff's motion for summary judgment was properly granted upon proof of the loan documents . . . and failure to pay in accordance therewith.").

### B.     Avara US Has No Defense Requiring Discovery

Despite Defendant's clear breach, JPM expects Avara US will claim that JPM is not entitled to recover the over $21 million owed from Avara US but instead must recover from the assets of two overseas Avara affiliates, Avara Avlon Pharma Services Ltd. ("Avlon") in the United Kingdom and Avara Shannon Pharmaceutical Services Ltd. ("Shannon") in Ireland—neither of which is a Borrower or guarantor under the Amended Credit Agreement.  Any defenses based on Avlon and Shannon are readily dismissed as a matter of law for two reasons.

LATHAM&WATKINS LLP

First, Avara US expressly waived any defense or claim that JPM was required to pursue any other entity or its collateral, under multiple, explicit, reinforcing and unambiguous provisions in the applicable loan documents.  For example:

- JPM is not required "to pursue or exhaust any of [its] rights or remedies with respect to any Collateral" or "to resort to the Collateral or any such guarantee in any particular order."  (Amended Pledge and Security Agreement, § 5.1.5.)

- Avara US "waives any right to require [JPM] . . . to enforce its payment against any collateral securing all or any part of the Guaranteed Obligations."  (Amended Credit Agreement, § 10.02.)

- Avara US's obligations "are not discharged or impaired or otherwise affected" by "any action or failure to act by the [] Agent [. . .] with respect to any collateral . . . ."  (*Id.* § 10.03(c).)

- JPM "may, at its election . . . fail to act with respect to any collateral" and Avara US explicitly "waives any defense arising out of any such election . . . ." (*Id.* § 10.04.)

- Any lien "release shall not in any manner discharge, affect or impair the Secured Obligations or any Liens upon (or obligations of the Loan Parties in respect of) all interests retained by any Loan Party . . . ." (*Id.* § 8.07(a).)

- JPM "shall not be responsible for" the "existence, priority or perfection" of any lien. (*Id.* § 8.07(c).)

Second, even if Avara US had not explicitly waived any defenses and claims related to other collateral, JPM's decisions regarding liens on Avlon or Shannon still did not breach the Amended Credit Agreement given that (1) nothing in the agreement prohibited the release of liens on either entity and (2) because the security was granted for the benefit of the lender, not the borrower, only the lender (which was also JPM) could complain of its release—not Avara US. Simply put, as a matter of law, any purported factual dispute regarding the Avlon or Shannon collateral is not a material issue that prevents partial summary judgment.

### C.    JPM Seeks a Declaration of Its Contractual Rights to Foreclose on Defendant's Assets and to Exercise Proxy Rights Related Thereto

Despite the clear and unequivocal language of the agreements, certain of Avara US's subsidiaries have consistently attempted to impede JPM's ability to recover from their assets. Thus, JPM also seeks a declaration that it is entitled to (1) foreclose on and/or (2) exercise proxy rights related to certain equity interests of Avara US.  Declaratory judgment will settle legal relations and provide relief from a controversy underlying the parties' dispute.

Respectfully submitted,

/s/ *Christopher Harris*
Christopher Harris

cc:    All Counsel of Record (by ECF)