

October 10, 2023

**VIA ECF**
Honorable John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*Application granted without prejudice to any subsequent application to unseal.*
*So ordered.*
*/s/ John G. Koeltl / USDJ*
*10/11/23*

Re: *JPMorgan Chase Bank, N.A. v. Avara US Holdings, LLC*, No. 23-cv-7145 (JGK)

Dear Judge Koeltl:

We represent Defendant Avara US Holdings, LLC ("Avara US") in the above-captioned matter to respectfully request the sealing of Exhibits A, B, and C to the Declaration of Richard G. Baldwin, dated October 10, 2023 ("Baldwin Declaration") that Avara US will file today in connection with its Motion to Dismiss.

The Court should permit Avara US to file these exhibits, which are sealed filings from a pending Oklahoma state court action (the "Oklahoma Action"), under seal. First, the Oklahoma court entered an order on February 6, 2023, granting a motion to seal twenty-eight filings from the Oklahoma Action, including Exhibits A, B, and C of the Baldwin Declaration. *See* Ex. 1 attached hereto. The Oklahoma court held that the sealed filings "contain detailed allegations and evidence relating to the confidential finances and business relationships of the defendant [Avara US's subsidiary, Avara Pharmaceutical Technologies, Inc. ("Avara Norman")] and several non-party entities, all of which are privately held companies." Ex. 1 at 3. That court further found that sealing those documents was "narrowly tailored" and "the least restrictive means for achieving confidentiality." *Id.*

The Oklahoma court further held that the sealed documents "shall remain sealed until entry of a [c]ourt order following a sealed motion to unseal, sealed opposition briefing, and a sealed hearing." *Id.* Until the Oklahoma court enters such an order unsealing the documents, the parties can use the documents in another litigation only if filed under seal. *Id.* at 4 ("To the extent any party files a motion or other paper containing or attaching portions of the sealed materials, that party must place the protected material in a sealed manila envelope . . . clearly marked with the word 'CONFIDENTIAL.'"). Therefore, Avara US seeks to file Exhibits A to C under seal in order to comply with the Oklahoma court's order.

Second, sealing is warranted under Second Circuit law. Notwithstanding the presumption of public access, courts may deny access to records that are "sufficiently valuable and secret to afford an actual or potential economic advantage over others." *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020). Sealing is warranted where "[r]eputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information." *United States v. Amodeo*, 71 F.3d 1044, 1048–49 (2d Cir. 1995). Just as the court held in the Oklahoma Action, sealing is necessary here to protect "detailed allegations and evidence relating to [Avara's] confidential finances and business relationships." Therefore, Avara US is entitled to sealing of those documents.

JPM did not oppose Avara Norman's motion to seal these same documents in the Oklahoma Action. Ex. 1 at 3. Counsel for Avara US has conferred with counsel for JPM regarding the sealing of Exhibits A, B, and C in this action. JPM indicated that it does not object to the present sealing request, but disagrees with the premise that the Oklahoma sealing order requires



the referenced documents to be sealed in this action or that they otherwise satisfy the standard for sealing.

For the foregoing reasons, Avara US respectfully requests that the Court seal Exhibits A, B, and C of the Baldwin Declaration.

Respectfully yours,

/s/ Eric Brenner
Eric Brenner