

November 20, 2023

**VIA ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*Application granted for
the reasons stated herein
So ordered.
John G. Koeltl/U.S.D.J.
11/21/23*

Re: *JPMorgan Chase Bank, N.A. v. Avara US Holdings, LLC*, No. 23-cv-7145 (JGK)

Dear Judge Koeltl:

We represent Defendant Avara US Holdings, LLC ("Avara US") in the above-captioned matter to respectfully request the permanent sealing of the unredacted Declaration of Matthew H. Massie and Exhibit 11 thereto, which Plaintiff JPMorgan Chase Bank, N.A. ("JPM") filed in support of its opposition to Avara US's motion to dismiss. Dkt. 65 & 65-1; *see also* Dkt. 61 (JPM request for temporary seal). Exhibit 11 is an email attaching excerpts of an excel sheet containing March 2022 balance sheets for the entire Avara Group. Mr. Massie's declaration cites and quotes information from Exhibit 11, and JPM therefore filed the declaration under seal and publicly with narrowly tailored redactions. Dkt. 64, 65 ¶¶ 12, 13, 15.

"There is a common law presumption in favor of permitting public access to judicial documents," but "[a] court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Although Exhibit 11 is a judicial document by virtue of being filed in support of JPM's opposition to a dispositive motion, very little of the information is relevant to JPM's opposition, and the vast majority of the numbers in the balance sheets have no bearing on the Court's decision on Avara US's motion to dismiss.

The Massie Declaration cites and attaches Exhibit 11 only to show (1) discrete amounts that it alleges were transferred to Avara Liscate Pharmaceutical Services S.p.A., (2) Avara Norman's cash on hand as of March 2022, and (3) the entire Avara Group's cash on hand as of March 2022. Dkt. 65 ¶¶ 12, 13(a), 15. JPM's opposition brief does not cite Exhibit 11 or discuss the information contained therein at all. Therefore, only a weak presumption of public access applies. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 CIV. 8958 (JKK), 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (document's "irrelevance to the issues before the Court . . . places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption").

Especially given the low presumption of public access, compelling reasons justify sealing Exhibit 11. The sealing of this document is necessary to protect the Avara Group from the damage

**BSF**

that could be caused by public dissemination of sensitive financial information relating to its balance sheets. *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Avara Group is a multinational contract manufacturer in the highly competitive pharmaceutical industry, and it currently manufactures compounds and products for some of the world's largest pharmaceutical companies. Dkt. 39 ¶¶ 3–4. Exhibit 11 contains sensitive information about the entire Avara Group's assets and liabilities. Disclosure of such information about Avara Group—a group of non-public companies—would harm Avara Group's ability to compete in the market and negotiate with customers and vendors. *See e.g., Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."); *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-CV-07577-KMK, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) (granting request to seal because the "subject documents and information are proprietary and confidential," and were they "to be publicly released, it would provide valuable insight to competitors as to [the party's] current business practices, its financial condition, and the proprietary systems and processes it uses to maintain its business"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal specific documents when "[m]any of them relate[d] to confidential business Information regarding Sunny, a closed business, which implicates legitimate privacy interests"). "[C]ourts in this Circuit routinely permit parties to redact sensitive financial information akin to the material at issue here." *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020).

Finally, the proposed redactions in the Massie Declaration are narrowly tailored in that they redact only the sensitive financial information that appears in Exhibit 11.

For the foregoing reasons, Avara US respectfully requests that the Court permanently seal Exhibit 11 to the Declaration of Matthew H. Massie and the unredacted version of the Massie Declaration that JPM filed under temporary seal. Dkt. 65 & 65-1. JPM does not oppose Avara US's request.

Respectfully yours,

/s/ Eric Brenner
Eric Brenner